UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61864-CIV-COHN/SELTZER

WILLIAM M. KELLEY,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [DE 8] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 14], and Defendants' Reply [DE 16], and is otherwise advised in the premises.

**I.   BACKGROUND**

This action arises from Defendant Metropolitan Life Insurance Company's alleged failure to pay commissions to Plaintiff William M. Kelley. Defendant hired Plaintiff in 1967 as a sales agent pursuant to an employment contract (the "Employment Contract"). DE 1-2 ¶¶ 4–6.[1] The Employment Contract provided that Plaintiff would write insurance policies for Defendant and would receive commissions on the premiums for those policies. Id. ¶ 7. Plaintiff contends that Defendant has failed to pay him commissions due under the Employment Contract. Id. ¶¶ 27–28.

---

[1] In considering a motion to dismiss, the Court will take all allegations in the Complaint [DE 1-2] as true. See Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).

In 1976, Plaintiff wrote the two policies relevant to this action: (1) a policy for the Miami Dade County School Board ("MDSB"); and (2) a policy for Miami Dade County ("MDC") (together, the "Policies"). Id. ¶¶ 8–9.  On January 1, 2000, Plaintiff retired from employment with Defendant. Id. ¶ 17.  After his retirement, Plaintiff continued to receive commissions from Defendant, and received accompanying documentation indicating that he was receiving commissions on both Policies. Id. ¶¶ 18, 20.

In October 2011, however, Defendant stopped paying commissions to Plaintiff on the Policies. Id. ¶ 23.  In November 2011, Plaintiff contacted Defendant's accounting department. Id. ¶ 25.  Plaintiff discovered that the commissions he had received since his retirement related only to the the MDSB policy, and that he had not been receiving any commissions on the MDC policy. Id. ¶ 25.  Plaintiff contends that because Defendant continues to insure both MDSB and MDC, he is entitled to receive continuing commissions on both Policies. Id. ¶¶ 26–27.  Plaintiff asserts four causes of action to recover those commissions: (1) breach of contract (id. ¶¶ 29–38); (2) breach of implied contract (id. ¶¶ 39–50); (3) quantum meruit (id. ¶¶ 51–60); and (4) injunctive relief (id. ¶¶ 61–65).

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover, 459 F.3d at 1308. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. <u>Twombly</u>, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  <u>Id.</u>  A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." <u>Id.</u> at 556 (internal quotation marks omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555.

**B. <u>Analysis</u>**

Defendant moves to dismiss the Complaint on the grounds that Plaintiff has failed to allege the elements of a breach-of-contract claim, and that all of the claims in the Complaint are time-barred.[2]  The Court will address each of these arguments in turn.

**1. <u>Plaintiff Has Failed to Plead Breach of Contract</u>**

Defendant contends that that Plaintiff has failed to specify which agreement supports his claim for breach of contract, let alone allege the elements of a claim for breach.  DE 8 at 3–5.  The Court finds that Plaintiff has identified the contract underlying his claim, but agrees that Plaintiff has failed to plead the elements of its breach.

---

[2] Defendant also asserts that Plaintiff's claim for injunctive relief must be dismissed because it is not a recognized cause of action.  DE 8 at 7.  Plaintiff does not contest Defendant's position and has voluntarily dismissed that claim.  DE 14 at 7.

3

First, Plaintiff has sufficiently identified the Employment Contract as the subject of his breach-of-contract claim. Plaintiff alleges that the Employment Contract established his employment with Defendant and his entitlement to commissions. DE 1-2 ¶¶ 4–7, 30, 34–35. Defendant's failure to pay commissions under that contract is the breach underlying Plaintiff's claim for relief. Id. ¶ 35.

Plaintiff has nevertheless failed to plead a claim for breach of the Employment Contract because he has not alleged offer and acceptance of the contract and has not specified its essential terms. Under Florida law, a plaintiff alleging breach of contract must plead: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009). With regard to alleging the existence of the contract, "a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." Id. The Complaint is deficient because it contains no allegation of offer and acceptance of the Employment Contract, stating only that "the parties entered into an employment contract." See Pineda v. PRC, LLC, No. 11-20894, 2011 U.S. Dist. LEXIS 80230, at *11 (S.D. Fla. July 22, 2011) (dismissing breach-of-contract claim where there were "no allegations . . . regarding offer [or] acceptance").

Moreover, the Complaint lacks detail regarding the essential terms of the Employment Contract. Which terms are "essential" to a contract varies according to the nature of the contract. Socarras v. Claughton Hotels, Inc., 374 So. 2d 1057, 1060 (Fla. 3d DCA 1979). With regard to an employment agreement providing for incentive compensation such as sales commissions, the amount or method of calculating such compensation is an essential term. Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC,

4

857 F. Supp. 2d 1294, 1301–02 (S.D. Fla. 2012), aff'd, 714 F.3d 1234 (11th Cir. 2013). Because Plaintiff has not alleged the amount or method of calculating commissions under the Employment Contract, he has failed to allege the essential term he seeks to enforce.[3]  See Uphoff v. Wachovia Sec., LLC, No. 09-80420, 2009 U.S. Dist. LEXIS 116679, at *6–11 (S.D. Fla. Dec. 14, 2009) (dismissing breach-of-contract claim where plaintiff seeking payment of bonus did not plead contract's essential term of amount or means of calculating bonus).  As Plaintiff has failed to allege offer and acceptance or essential terms of the Employment Contract, the Court will dismiss the claim for breach of contract with leave to amend.

### 2. The Breach of Contract Claim Is Untimely

Defendant contends that the applicable statute of limitations bars Plaintiff's breach-of-contract claim.  According to Defendant, any breach of the Employment Contract occurred on January 1, 2000, when Defendant first failed to pay commissions under the MDC policy.  DE 8 at 5; see also DE 1-2 ¶ 32.  Because a five-year statute of limitations applies to contract actions under Florida law, Plaintiff's contract claim would have become barred in 2005.  DE 8 at 5.  Plaintiff counters that Defendant's partial payment of commissions through 2011 tolled the limitations period under section 95.051(1)(f) of the Florida Statutes, and that Defendant is estopped from asserting a limitations defense.  DE 14 at 4–6.  The Court agrees with Defendant that the claim for breach of contract is untimely.

---

[3] Although Plaintiff includes additional details regarding the terms of the Employment Contract in his Response to the Motion (see DE 14 at 2–3), the Court limits its consideration to the contents of the pleadings for the purpose of a motion to dismiss. See GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993).

Section 95.11(2)(b) supplies a five-year statute of limitations for contract actions. Because Defendant allegedly breached the Employment Contract in 2000 by failing to pay commissions on the MDC policy, Plaintiff's breach-of-contract claim accrued at that time, despite Defendant's subsequent payment of commissions on the MDSB policy. See Servicios de Almacen Fiscal Zona Franca y Mandatos S.A. v. Ryder Int'l, Inc., No. 06-22774, 2007 U.S. Dist. LEXIS 13048, at *10–11 (S.D. Fla. Feb. 26, 2007) (calculating limitations period from time of first breach, despite alleged series of subsequent breaches), aff'd, 264 F. App'x 878 (11th Cir. 2008) (per curiam).  The limitations period for a claim upon that breach expired five years later, in 2005.  See Fla. Stat. § 95.11(2)(b).  This claim is therefore time-barred.

Plaintiff's reliance upon section 95.051(1)(f) to toll the statute of limitations is misplaced because that provision is inapplicable here.  Section 95.051(1)(f) tolls the limitations period upon "payment of any part of the principal or interest of any obligation or liability founded on a written instrument."  Florida's courts have recognized that section 95.051(1)(f) "merely codified the common law rule that partial payment of a debt tolls the statute of limitations for the creditor to bring an action on the debt."  Brown v. Nationscredit Fin. Servs. Corp., 32 So. 3d 661, 663 (Fla. 1st DCA 2010); see also Cadle Co. v. McCartha, 920 So. 2d 144, 145–46 (Fla. 5th DCA 2006) (discussing the history and enactment of Fla. Stat. § 95.051(1)(f)).  The common-law rule held that partial payment of a debt "amounts to a voluntary acknowledgment of the existence of the debt from which the law implies a new promise to pay the balance."  Jacksonville Am. Publ'g Co. v. Jacksonville Paper Co., 197 So. 2d 672, 677 (Fla. 1940) (internal quotation marks omitted); see also 51 Am. Jur. 2d Limitation of Actions § 326 (Westlaw 2013) ("A

6

part payment, to stop the running of the statute of limitations . . . , must be made . . . under circumstances that create a clear inference that the debtor recognizes the whole of the debt as an existing liability."). Here, Defendant paid commissions on the MDSB policy through 2011, but had not paid commissions on the MDC policy since 2000. DE 1-2 ¶¶ 32–33. Defendant's payments on the MDSB policy did not constitute an implied acknowledgment of an obligation to pay the outstanding balance of the MDC commissions. The payments of commissions on the MDSB policy thus would not have justified tolling of the breach, which accrued upon the first non-payment of MDC commissions, under the common-law rule codified by section 95.051(1)(f). See Jacksonville Am. Publ'g Co., 197 So. 2d at 677.

   Moreover, the terms "principal" and "interest" are correlative terms, like "parent" and "child," Commercial Nat'l Bank v. Parsons, 144 F.2d 231, 240 (5th Cir. 1944), and taken together they imply a lending or investment relationship. See Tex. Commerce Bank-Arlington v. Woehr (In re Woehr), 121 B.R. 743, 747 (N.D. Tex. 1990). Florida's courts thus have construed section 95.051(1)(f) to reject litigants' attempts to apply its provisions beyond debts in the lending or investment context. See S. Motor Co. v. Doktorczyk, 957 So. 2d 1215, 1218 (Fla. 3d DCA 2007) (refusing to apply section 95.051(1)(f) in consumer fraud action, because provision was "obviously intended" to protect compassionate lenders who accept sporadic payments). In contrast with the language of section 95.051(1)(f), the Employment Contract does not implicate a lending or investment relationship. The Employment Contract does not impose lending or investment obligations, and accordingly does not establish a fund of principal upon which interest may be charged, or upon which partial payments might be made. The

7

contract, as alleged, merely sets forth terms of employment.  Taking into account both the plain language of section 95.051(1)(f) and its interpretation by Florida's courts, this Court therefore determines that section 95.051(1)(f) does not apply to toll Plaintiff's claim for breach of the Employment Contract.

Nor does estoppel prevent Defendant from raising a limitations defense. Estoppel can preclude a limitations defense where the defendant's misconduct induced the plaintiff to forbear suit.  Delco Oil, Inc. v. Pannu, 856 So. 2d 1070, 1073 (Fla. 5th DCA 2003).  The elements of estoppel are: (1) a false representation or concealment of material fact by the defendant; (2) the defendant's intention or expectation that its conduct will influence the other party; (3) the defendant's actual or constructive knowledge of the real facts; (4) the plaintiff's lack of knowledge and means of attaining knowledge of the truth; and (5) the plaintiff's detrimental reliance upon the defendant's conduct.  Lurry v. Transcor Am., LLC, 140 F. App'x 79, 81 (11th Cir. 2005) (per curiam). Plaintiff does not suggest that Defendant intentionally provided misleading information. The most Plaintiff alleges is that "[a]ccording to the documentation and payments that [he] was receiving, [he] was receiving renewal commissions for both policies." DE 1-2 ¶ 20.  With no hint of Defendant's bad intent, Plaintiff falls short of showing the intentional misconduct necessary to preclude application of the statute of limitations on estoppel grounds.  See Pierson v. Orlando Reg'l Healthcare Sys., Inc., No. 08-466, 2010 U.S. Dist. LEXIS 33974, at *47–48 (M.D. Fla. Apr. 6, 2010) (declining to apply equitable estoppel where no misconduct alleged).

### 3. The Breach of Implied Contract Claim Is Untimely

Plaintiff's breach-of-implied-contract claim is similarly barred by the applicable limitations period.  A four-year statute of limitations applies to claims for breach of

implied contract.  Fla. Stat. § 95.11(3)(k); Jacobs v. Estefan, No. 12-14008, 2013 U.S. App. LEXIS 19672, at *2–4 (11th Cir. Sept. 26, 2013) (per curiam).  Plaintiff does not identify any provision of section 95.051 that might apply to toll the statute of limitations with respect to this claim, and fails to allege the misconduct necessary to preclude application of the statute of limitations on estoppel grounds.  Because Defendant allegedly breached its obligation to pay commissions in January 2000, the limitations period on the claim for breach of implied contract expired in 2004, and the claim is time-barred.  See Fla. Stat. § 95.11(3)(k).

### 4. The Quantum Meruit Claim Is Untimely

Plaintiff's quantum meruit claim is also untimely.  Under Florida law, a quantum meruit claim accrues when the plaintiff performs his services.  Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC, 714 F.3d 1234, 1237–39 (11th Cir. 2013).  A four-year statute of limitations applies to that claim.  See Fla. Stat. § 95.11(3)(k); Beltran v. Miraglia, No. 4D11-4738, 2013 Fla. App. LEXIS 5725, at *6–7 (Fla. 4th DCA Apr. 10, 2013).  Plaintiff's quantum meruit claim therefore accrued no later than his retirement on January 1, 2000, and became time-barred in 2004.  See DE 1-2 ¶ 17.

Plaintiff's quantum meruit claim, like the implied contract claim, is not tolled by section 95.051(1)(f) or the doctrine of equitable estoppel.  Plaintiff suggests that section 95.031(2)(a) of the Florida Statutes, which may toll the the limitations period in cases of fraud, also applies to this claim.  DE 14 at 7.  The Complaint contains no allegations of fraud, however, so section 95.031(2)(a) does not apply, and the quantum meruit claim remains time-barred.  See Fla. Stat. § 95.11(3)(k).

### III. CONCLUSION

Plaintiff has not supplied the necessary allegations to sustain a claim for breach of contract. Furthermore, each of his claims appears time-barred. Given a chance to amend, however, Plaintiff may be able to plead a set of facts to support his breach-of-contract claim and to demonstrate that Defendant is equitably estopped from asserting a limitations defense. The Court will therefore dismiss the Complaint with leave to amend. In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint [DE 8] is **GRANTED**;
2. The Complaint [DE 1-2] is **DISMISSED without prejudice**; and
3. Plaintiff shall file an Amended Complaint on or before **November 18, 2013**. Failure to timely file an Amended Complaint shall result in the closing of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of October, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF